**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAIAH PRUITT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. CV 12-10602-CJC (SP)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR FAILURE TO STATE COGNIZABLE CLAIM |

**I.**

**INTRODUCTION**

On December 11, 2012, petitioner Micaiah Pruitt, a prisoner housed at the Federal Correctional Institution at Lompoc, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner contends his rights have been violated due to federal prison officials' deliberate indifference to his serious medical needs.

After initially reviewing the Petition, the Court concluded that it did not state a cognizable ground for habeas corpus relief. Accordingly, on December 18, 2012,

the Court ordered petitioner to show cause in writing by January 15, 2013 why the Petition should not be dismissed for failure to state a cognizable habeas claim.  The Court explained to petitioner why his Petition does not appear to state a cognizable ground for habeas corpus relief, and gave petitioner three options: (1) he could file a response stating why he contends his Petition does state a cognizable habeas claim; (2) he could voluntarily dismiss the Petition and, if he wished, thereafter file a civil complaint; or (3) he could ask the Court to construe the Petition as a civil rights complaint.

Petitioner filed his response to the order to show cause on January 14, 2013.  In it, petitioner continued to assert that his Eighth Amendment rights have been violated due to prison officials' deliberate indifference to his serious medical needs, but nonetheless also argued that his Petition properly seeks habeas relief.  He urged the Court to review the Petition on its merits and grant him relief.

For the reasons discussed below, the Petition plainly does not state a cognizable ground for habeas corpus relief.  Moreover, the Court finds it is not appropriate to construe the Petition as a civil rights complaint, and petitioner has not asked the Court to do so in any event.  Accordingly, the Petition must be dismissed.

## II.

## DISCUSSION

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  With the instant 2241 Petition, petitioner challenges the adequacy of the medical treatment he is receiving in prison, but he does not appear to be seeking release from custody, nor is he challenging the

legality of his current custody.  Instead, petitioner is contending – in both his Petition and in his response to the order to show cause – that the conditions of his custody, that is, the medical treatment he is or is not receiving, reflect deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Because the fundamental nature of petitioner's 2241 Petition is a challenge to the conditions of his confinement rather than to the legality of his confinement, it is not cognizable on habeas corpus review.  *See, e .g.*, *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of prison confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82, 125 S. Ct. 1242; 161 L. Ed. 2d 253 (2005) (discussing the relationship between § 1983 and the federal habeas statutes); *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [citation]; requests for relief turning on circumstances of confinement may be presented in a § 1983 [civil rights] action.").

Although petitioner has not presented a proper petition for writ of habeas corpus, the Court has discretion to construe the Petition as a civil rights complaint. *See Willwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a civil rights complaint despite deliberate choice by petitioner to proceed on habeas), superceded by statute on other grounds as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).  But if the Court were to construe the instant Petition as a civil rights complaint brought pursuant to *Bivens v. Six Unknown Named Agents of Fed.*

*Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) – which allows a plaintiff to sue a federal officer for civil rights violations under color of federal law – that would have a number of consequences.

First, the Court is unable to treat the Petition as a civil rights complaint at this time, because petitioner has not paid the $350 filing fee required for such a complaint to be filed. Although petitioner may file a request to proceed without prepayment of the $350 filing fee, he has not filed such a request at this time.

In addition, construing the instant habeas Petition as a civil rights complaint would require the Court to screen the petition/complaint under the Prison Litigation Reform Act, which obligates the Court to review complaints filed by all persons proceeding in forma pauperis, and by prisoners seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the Court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Although the Court has not thoroughly screened the Petition as a civil rights complaint at this time, the Court's cursory review reveals certain defects. In particular, petitioner appears not to have named a proper defendant for a civil rights action. Petitioner names the United States of America as the sole respondent. Under the Federal Tort Claims Act ("FTCA") (*see* 28 U.S.C. §§ 1346(b), 2671-2680), a claim against the United States is the "exclusive" remedy for plaintiffs seeking to recover damages from the "negligent or wrongful act or omission of any employee of the Government . . . acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). But petitioner does not appear to be asserting a tort claim. Instead, petitioner appears to be asserting a civil rights claim

based on an alleged Eighth Amendment violation.  While petitioner might be able to assert a civil rights claim against one or more individual federal officers in their individual capacity in a *Bivens* action, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity, as such an action against the United States would be barred by the doctrine of sovereign immunity.  *See FDIC v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *Consejo de Desarrollo Economica de Mexicali, A.C. v. U.S.*, 482 F.3d 1157, 1173 (9th Cir. 2007); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996); *Daly-Murphy v. Winston*, 837 F.2d 348, 355-56 (9th Cir. 1987, as amended Jan. 20, 1988).

      In addition, the Petition does not assert facts sufficient to state a claim against any individual for an Eighth Amendment violation.  Petitioner merely states he suffered a back injury, and asserts his claim meets the standards for a claim of deliberate indifference to serious medical needs.  But to conform with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Moreover, a complaint states a claim against a defendant when it "pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Here, petitioner has not even identified any individual defendant, much less asserted facts showing that any particular individual is liable.

      For the foregoing reasons, it would be futile for the Court to construe the Petition as a civil rights complaint.  Moreover, in his response to the order to show cause, petitioner did not ask the Court to do so.

## III.
## **ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: January 22, 2013

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE